### HERRMANN v. HEYDEMAN.

(Supreme Court, Appellate Term. October, 1901.)

STATUTE OF FRAUDS—PAROL CONTRACTS—TENANCY EXCEEDING ONE YEAR.

Where, under an oral agreement, premises were hired for one year from a specified date, and before such date the tenant was let into possession, a tenancy created by parol, to continue for more than one year, in violation of the statute of frauds, cannot be implied therefrom.

Appeal from municipal court, borough of Manhattan, First district.

Action by Katie Herrmann against Bernard Heydeman on a contract of lease. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDER-SLEEVE, JJ.

Douglass & Minton (R. Van Iderstine, of counsel), for appellant.
John Callahan (A. B. Schleimer, of counsel), for respondent.

McADAM, J. The questions of fact involved were disposed of on conflicting evidence adversely to the defendant. As the evidence satisfactorily sustains the judgment, there is but one question raised that requires consideration, and that is whether the tenancy which was created by oral agreement was to continue longer than one year, and hence obnoxious to the statute of frauds. The evidence clearly shows that the hiring was for one year from February 1, 1899, to February 1, 1900, which was valid without a writing. The defendant conceded this when he testified that he was "to move in February 1st." The mere fact that the landlord permitted the tenant to take possession on January 17th does not vitiate that which without this indulgence was a perfectly legal contract. There is no evidence that any rent was paid or agreed to be paid prior to February 1st, or that such possession was taken under any contract extending beyond one year. The plaintiff was a mere lessee of the building, and his lease expired February 1, 1899. He hesitated to take a renewal of the lease until the defendant agreed that, if the plaintiff took such renewal for one year, the defendant would hire the loft in question, and pay half the rent, whereupon the plaintiff took the premises for the renewed term. We find no error, and the judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.